On appellant's petition for reconsideration filed July 15, reconsideration allowed; former opinion (243 Or App 471, 260 P3d 516) modified and adhered to as modified; former disposition withdrawn; reversed and remanded for entry of judgment dismissing jurisdiction October 19, 2011

In the Matter of
N. E., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

G. E.,
*Appellant.*

Douglas County Circuit Court
0700557;
Petition Number 08JU066;
A146271

265 P3d 53

Peter Gartlan, Chief Defender, and Mary Shannon Storey, Senior Deputy Public Defender, Office of Public Defense Services, for petition.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Mother requests reconsideration of our decision reversing and remanding a June 2010 judgment of the juvenile court denying mother's motion to dismiss jurisdiction over her child, N, *Dept. of Human Services v. G. E.*, 243 Or App 471, 260 P3d 516 (2011). In our opinion, we concluded that the juvenile court "may have based its decision [denying mother's motion to dismiss] on some facts that are extrinsic to the jurisdictional judgment. For that reason, we must reverse and remand for clarification and possible amendment of the original jurisdictional judgment." *Id.* at 478-79. Mother contends, however, that we erroneously determined that mother's untreated substance abuse, as described in the original petition and jurisdictional judgment, continues to provide a basis for the court's jurisdiction. The original petition had alleged that "[m]other has a history of substance abuse which could impact her ability to safely parent. She agrees to participate in recommended treatment." The juvenile court found in its June 2010 judgment that mother had not completed substance abuse treatment. In our opinion, we concluded that, "based on the allegations of the petition and the jurisdictional judgment, mother should have been on notice that she needed to follow through with recommended substance abuse treatment, and she did not do so." *Id.* at 483. Mother does not dispute the juvenile court's finding that she did not follow through with recommended substance abuse treatment. She contends, however, that there is no evidence in the record that she is currently suffering from a substance abuse problem or that any substance abuse problem endangers N. Therefore, mother contends, there is no factual basis for continuing jurisdiction, and the wardship should have been dismissed. We allow reconsideration and modify our former disposition to require dismissal of the juvenile court jurisdiction over N.

As we said in our first opinion, we are bound by the juvenile court's findings of historical fact as long as there is any evidence to support them. *State v. S. T. S.*, 236 Or App 646, 654-55, 238 P3d 53 (2010); *Dept. of Human Services v. C. Z.*, 236 Or App 436, 442, 236 P3d 791 (2010) (explaining court's standard of review under ORS 19.415(3)(b)). In its June 2010 judgment, the juvenile court found that mother

"has not completed [substance abuse] treatment and does not have the foundation, based on completing treatment, to deal with substance abuse issues or been honest with the provider or the Court. She indicated in 2009 that a month before that hearing she had decided that she was not going to drink anymore or allow anyone else drinking or doing drugs around her children. That is not the date of abstinence that she would have others believe. At the end of the 2009 hearing, the Court observed specific instances of substance abuse evidence in which the mother only revealed what she believed the Court already knew or was about to hear evidence regarding. At the 2009 hearing, the treatment provider indicated that the mother was likely drinking more than she indicated that she was. She has not been consistent with any evaluation about the nature of her substance abuse problems."

Thus, the juvenile court found that mother had a substance abuse problem in the past and had not followed up with substance abuse treatment recommendations, and there is evidence in support of those findings.

However, the uncontradicted testimony of mother's own case worker is that, although mother did not complete treatment, she does not *currently* suffer from a substance abuse problem. Additionally, mother is correct that there is no evidence that any possible substance abuse problem presents a threat to N. *See State ex rel Dept. of Human Services v. D. T. C.*, 231 Or App 544, 554-55, 219 P3d 610 (2009) (requiring evidence that, at time of hearing, child is at risk as a consequence of parent's substance abuse). Accordingly, we agree with mother that there is no basis for a continuation of jurisdiction based on the original jurisdictional judgment and that the juvenile court therefore erred in denying mother's motion to dismiss.

Reconsideration allowed; former opinion modified and adhered to as modified; former disposition withdrawn; reversed and remanded for entry of judgment dismissing jurisdiction.