On appellant-mother's confidential petition for reconsideration filed September 19, and respondent's response to appellant's petition for reconsideration filed October 12, reconsideration allowed; former disposition (251 Or App 787, 284 P3d 1233) withdrawn; dispositional/permanency judgment as to A (Case No. J060417) reversed and remanded; otherwise affirmed November 21, 2012, petition for review denied April 11, 2013 (353 Or 445)

In the Matter of A. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. L. H.
and I. K.,
*Appellants.*

Linn County Circuit Court J060417;
Petition Number 10136J

In the Matter of J. L. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. L. H.,
*Appellant.*

Linn County Circuit Court J010086;
Petition Number 10137J;
A149947

292 P3d 565

Megan L. Jacquot for petition.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, for response.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

**PER CURIAM**

Mother petitions for reconsideration of our disposition in this case, which stated, "Dispositional/permanency judgment as to father reversed and remanded; otherwise affirmed." *Dept. of Human Services v. D. L. H.*, 251 Or App 787, 806, 284 P3d 1233 (2012). In *D. L. H.*, mother and father separately appealed the combined dispositional and permanency judgment changing the permanency plans of mother's two children, J and A. We concluded that the Department of Human Services (DHS) had made active efforts to reunify A with mother but had failed to make active efforts to reunify A with father. 251 Or App at 804. We then reversed and remanded the judgment "as to father," and we also "otherwise affirmed" the judgment. Mother points out that this had the effect of our affirming a permanency plan of adoption for A while at the same time reversing it so that DHS can make active efforts to reunify A with father. Mother requests that we modify the disposition so that the entire judgment as to A is reversed and remanded. The state agrees with mother that a child can have only one permanency plan implemented at any particular time and that the entire judgment as to A must be reversed and remanded. We, too, agree.

Following a permanency hearing, the court's order must include a "determination of the permanency plan for the ward." ORS 419B.476(5)(b). "Permanency plan," as used in ORS 419B.476, specifically refers to a singular plan for the child, rather than a plan for each parent. *See also* OAR 413-040-0005(14) (defining a permanency plan as "a written course of action for achieving safe and lasting family resources for the child," suggesting one active permanency plan at a time); ORS 419B.343(2)(b) (when the case plan is reunification, DHS shall include a concurrent permanency plan "to be implemented" if the parent does not make the changes necessary for the child to return home safely within a reasonable time). Accordingly, we allow the petition and modify the disposition so that the dispositional/permanency judgment changing the permanency plan for A to adoption is reversed and remanded.

Reconsideration allowed; former disposition withdrawn; dispositional/permanency judgment as to A (Case No. J060417) reversed and remanded; otherwise affirmed.