Argued and submitted May 1, reversed and remanded with instructions to terminate the wardship May 30, 2013

In the Matter of J. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Below,*

*v.*

A. B.,
*Appellant.*

Lane County Circuit Court
10173J;
Petition Number 10173J01;
A152532

303 P3d 986

Holly E. Telerant, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

**PER CURIAM**

In this dependency proceeding, mother appeals the juvenile court's judgment continuing wardship over her child. She asserts on appeal that the juvenile court erred in denying her motion to dismiss wardship.[1] We review that denial for errors of law, *Dept. of Human Services v. G. E.*, 243 Or App 471, 478, 260 P3d 516, *adh'd to as modified on recons*, 246 Or App 136, 265 P3d 53 (2011), and, as explained below, reverse and remand the case to the juvenile court with instructions to terminate the wardship over the child.

In this case, the petition upon which jurisdiction was based set forth the following circumstances and conditions: (1) mother's involvement in criminal activities and incarceration left her unavailable to care for the child; (2) mother's substance abuse, if untreated, presented a threat of harm to the child; (3) mother's mental and emotional condition interfered with her ability to care for the child; (4) the child was subjected to a threat of physical abuse because a sibling had suffered a nonaccidental injury by mother in the family home; and (5) father was unable to protect the child because he did not have a custody order or parenting plan. According to mother, it was improper for the court to continue the wardship over the child because it was undisputed at the time of the review hearing that the grounds for jurisdiction alleged in the petition had been ameliorated. In particular, mother had completed all services required by the Department of Human Services and none of the circumstances supporting jurisdiction as to mother continued to exist.

Pursuant to ORS 419B.100, the juvenile court has jurisdiction over a child whose "condition or circumstances are such as to endanger the welfare" of the child. "It is axiomatic that a juvenile court may not continue a wardship 'if the jurisdictional facts on which it is based have ceased to exist.'" *State v. A. L. M.*, 232 Or App 13, 16, 220 P3d 449 (2009) (quoting *State ex rel Juv. Dept. v. Gates*, 96 Or App 365, 372, 774 P2d 484, *rev den*, 308 Or 315 (1989)). "It is equally axiomatic that a juvenile court may not continue a wardship

---

[1] On April 1, 2013, this court granted the Department of Human Services' motion to be dismissed as a respondent on appeal.

based on facts that have never been alleged in a jurisdictional petition." *G. E.*, 243 Or App at 479. Furthermore, "without some evidence that [a parent] is a present danger to [the child's] welfare, the lack of a custody order alone is not sufficient for jurisdiction pursuant to ORS 419B.100." *A. L. M.*, 232 Or App at 16.

The outcome in this case is controlled by our holding in *A. L. M.* Here, as there, there was no evidence that any of the circumstances alleged in the petition, other than father's lack of a custody order, continued at the time of the hearing. In the absence of any evidence that mother, as the result of a condition alleged in the petition, was a present danger to the child's welfare, father's lack of a custody order was an insufficient basis on which to continue the wardship. Accordingly, under the circumstances presented in this case, the juvenile court erred in continuing the wardship over the child.

Reversed and remanded with instructions to terminate the wardship.