Submitted September 6, affirmed October 23, 2013

In the Matter of W. J. T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. A. S.,
aka L. A. O.,
*Appellant.*

Lane County Circuit Court
05495J;
Petition Number 05495J02;
A153914 (Control)

In the Matter of A. A. O.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. A. S.,
aka L. A. O.,
*Appellant.*

Lane County Circuit Court
11560J;
Petition Number 11560J01;
A153915

312 P3d 613

Peter Gartlan, Chief Defender, and Valerie Colas, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

In these consolidated juvenile dependency cases, mother appeals the juvenile court's judgments that changed the permanency plans for her two children, W and A, from reunification to adoption. Mother asserts that the court erred in concluding that she had not made sufficient progress toward ameliorating the conditions that gave rise to the court's jurisdiction over the children. We affirm.

The juvenile court took jurisdiction over the children in February 2012, primarily because of mother's "use of alcohol and/or controlled substances." In February 2013, the court held a permanency hearing. At the time of the hearing, W was seven years old and A was approximately 14 months old. As a result of both this case and an earlier case, W had been in foster care for nearly half of her life. A had been in foster care for all of his life.

After the hearing, the court issued a permanency judgment for each child concluding that the Department of Human Services (DHS) had made reasonable efforts to reunify the family but that mother had not made sufficient progress to make it possible for the children to safely return home. Regarding mother's progress, both judgments state:

"Mother is involved in the case and has not made sufficient progress toward meeting the expectations set forth in the service agreement, letter of expectation and/or case plan, and the child cannot be safely returned to mother's care."

The judgments further state:

"The case plan of reunification should be changed to a different plan because * * * notwithstanding the reasonable reunification efforts of DHS, the child cannot be safely returned to the care of either mother or father at the time of the hearing, and the evidence does not support a determination under ORS 419B.476(4)(c) and (5)(c) that further efforts by the agency will make it possible for the child to safely return home within a reasonable time."

Mother appeals, arguing that the juvenile court did not have authority to change the permanency plans for the children from reunification to adoption. Changes to permanency plans are governed by ORS 419B.476. As relevant

here, ORS 419B.476(2) provides that, at a permanency hearing, if the permanency plan is reunification, the court shall

"determine whether [DHS] has made reasonable efforts * * * to make it possible for the ward to safely return home and whether the parent has made sufficient progress to make it possible for the ward to safely return home."

On appeal, mother challenges the court's conclusion that she had not made sufficient progress. We view the evidence "in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

Mother makes two alternative arguments. First, she argues that the state failed to prove that she had not made sufficient progress for the children to safely return home *at the time of the permanency hearing*.[1] Second, she argues that, even if the state proved that she had not made sufficient progress for the children to return home at the time of the permanency hearing, it failed to prove that she had not made sufficient progress for the children to return home *within a reasonable period of time*.[2]

We reject mother's first argument—*viz.*, that the state failed to prove that she had not made sufficient progress for the children to safely return home at the time of the permanency hearing—because it is unpreserved. At the permanency hearing, mother informed the court that she had been clean and sober for approximately six months, was employed, and had housing. She had started outpatient

---

[1] Specifically, mother argues that, "by the time of the permanency hearing, mother was clean and sober and her children could return to her care." According to mother,

"the department failed to present any evidence to prove that mother continued to have a substance abuse problem that endangered the health and safety of her children. Instead it was undisputed that, at the time of the permanency hearing, mother had been clean and sober for roughly six months, was compliant with her outpatient drug and alcohol treatment, and had reengaged in counseling. Further, mother had a job and housing for her children's immediate return to her care."

[2] Mother contends that, "[e]ven if the children could not immediately return home, the department failed to present any evidence that waiting an additional 90 days (as mother requested) was an unreasonable amount of time for mother's children to wait in light of their specific needs."

treatment but had stopped when her health insurance stopped paying for it. She was attending AA and NA meetings and participating in individual counseling. Mother asserted that she was making progress, but she did not assert that she was ready for the children to return to her care immediately. To the contrary, she asked for a "90-day extension" to show that she could continue to make progress. Thus, mother did not preserve her appellate argument that, "by the time of the permanency hearing, mother was clean and sober and her children could return to her care."

We also reject mother's second argument—*viz.*, that the state failed to prove that she had not made sufficient progress for the children to return home within a reasonable period of time—because, even assuming that the state was required to prove that fact, it presented sufficient evidence to do so.

As mother acknowledges, in *Dept. of Human Services v. D. L. H.*, 251 Or App 787, 284 P3d 1233, *adh'd to on recons*, 253 Or App 600, 292 P3d 565, *rev den*, 351 Or 649 (2012), we held that "there is no statutory requirement under ORS 419B.476 or any other authority that requires the juvenile court to find that a parent cannot be reunited with the child within a reasonable time before the court changes the plan from reunification to adoption." Mother argues that *D. L. H.* was wrongly decided. She contends that

"reading ORS 419B.476(2)(a) in context of the related provisions and policies of the juvenile code illuminates that the court's central inquiry at a permanency hearing is whether the department has presented sufficient evidence to prove that the parent's progress toward ameliorating the adjudicated bases for jurisdiction is insufficient to allow the child to return home within a reasonable period of time."

The state responds:

"There is no requirement that the juvenile court consider whether a child can safely be returned to parent 'in a reasonable time' when deciding whether to change the permanent plan for the child from reunification to adoption. Because the court was not required to make that finding, whether there is evidence to support it is irrelevant and the

court was authorized to change the children's permanency plans."

We need not revisit *D. L. H.* because the juvenile court in this case considered whether mother had made sufficient progress for the children to be returned within a reasonable time and determined that she had not, and the court's determination is supported by the record. At the permanency hearing, the court acknowledged that mother had taken some steps to address her substance abuse problems but expressed concern about whether those steps justified continuation of the plan for reunification. The court told mother, "I think you've done some good work * * *. It's a matter of, particularly with [W,] this [has] really been going on a long time for her, and she can't afford to wait longer for the court to decide what we're doing here." The court also observed, "It seems like the time has come and gone to move to the plan of adoption for [W and A]."

In the permanency judgments, the court found that mother has a "longstanding history of substance abuse" and has had "difficulty establishing a stable lifestyle." The court also found that mother had "engaged in individual counseling on and off," but, because of mother's mental health and addiction diagnoses, "longer term therapy is recommended." The court also indicated that mother's progress was belated and incomplete and, in light of the children's circumstances, did not justify continuation of the plan for reunification. Specifically, the judgment regarding W states, "Given mother's relatively recent efforts to engage in only some of her recommended services and given the child's history, it is appropriate to authorize moving to the concurrent plan [of adoption]." Similarly, the judgment regarding A states, "Mother has never parented the child and given her relatively recent efforts to engage in only some of her recommended services, it is appropriate to authorize moving to the concurrent plan."

Thus, the permanency hearing record and the judgments establish that the court considered and rejected mother's claim that she had made sufficient progress for the children to safely return to her care within a reasonable time. Simply put, the court concluded that, although mother was making some progress, it was not reasonable to wait to change

the permanency plan. That conclusion is supported by the record, including evidence of mother's history of substance abuse combined with her belated and incomplete progress through treatment.

Under ORS 419B.476(4)(c), if the court had concluded that "further efforts [would have made] it possible for the [children] to safely return home within a reasonable time," the court could have ordered mother to "participate in specific services for a specific period of time and make specific progress within that period of time." But the court did not. To the contrary, as set out above, the court concluded that "the evidence does not support a determination under ORS 419(b).476(4)(c) and (5)(c) that further efforts by the agency will make it possible for the child to safely return home within a reasonable time."

Affirmed.