314

Argued and submitted November 19, affirmed December 11, 2019

In the Matter of A. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. L. G.,
*Appellant.*

Douglas County Circuit Court
18JU00472; A171478 (Control)

In the Matter of C. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. L. G.,
*Appellant.*

Douglas County Circuit Court
18JU00473; A171479

456 P3d 377

Jason R. Thomas, Judge pro tempore.

Kenneth A. Kreuscher argued the cause and filed the brief for appellant.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Father appeals permanency judgments changing the permanency plans for his two children from reunification to adoption. He assigns error to the juvenile court's determination that further efforts would not make it possible for his children to safely return home to him in a reasonable time. Father first argues that the court was *required* to make a finding of whether or not further efforts would make it possible for his children to safely return home before it changed the plan from reunification to adoption, although we have held to the contrary. *See Dept. of Human Services v. S. J. M.*, 364 Or 37, 64-65, 430 P3d 1021 (2018) (Walters, C. J., concurring) (concluding that, before a court may change a plan from reunification to adoption, the court must make three preliminary findings, including whether further efforts will make it possible for the child to safely return home within a reasonable time); *see also* ORS 419B.476(2)(a), (4)(c). *But see Dept. of Human Services v. D. L. H.*, 251 Or App 787, 805-06, 284 P3d 1233 (2012), *adh'd to as modified on recons*, 253 Or App 600, 292 P3d 565, *rev den*, 353 Or 445 (2013) (concluding that a determination under ORS 419B.476(4)(c) that further efforts will make it possible for child to return safely home is discretionary). Father asks us to overrule *D. L. H.* Father also argues that insufficient evidence supports the juvenile court's determination that further efforts will not make it possible for his children to return home safely in a reasonable time. The state responds that the court did make a determination in the permanency judgments that further efforts would not make it possible for the children to return home safely within a reasonable time and that the evidence in the record supports that determination. Consequently, according to the state, we need not resolve whether *D. L. H.* was correctly decided, but may simply affirm on the basis that the court made the determination that father argues was required and that the evidence supports that determination.

We agree with the state that we need not address the correctness of *D. L. H.* Having reviewed the record, we conclude that, at the time of the permanency hearing, there was sufficient evidence in the record to support the court's finding that further efforts would not make it possible for

father's children to safely return home within a reasonable time. Thus, we affirm the juvenile court's change in permanency plan from reunification to adoption.

Affirmed.