Submitted September 3, reversed and remanded October 13, 2021

In the Matter of H. M. I.,
fka B. B. R., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

H. M. I. F.,
*Appellant.*

Morrow County Circuit Court
16JV013;
Petition Numbers 3296141, 3296131;
A175610 (Control)

In the Matter of V. R.,
aka B. B. R., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

H. M. I. F.,
*Appellant.*

Morrow County Circuit Court
16JV015;
Petition Number 3319;
A175611

496 P3d 1156

Robert W. Collins, Jr., Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

In these consolidated juvenile dependency cases, father appeals from judgments in which the court changed his two children's permanency plans from reunification with father to guardianship. The Department of Human Services (DHS) concedes that the court erred in doing so. As explained below, we accept DHS's concession and therefore reverse and remand.

A detailed description of the underlying facts and procedural history would not benefit the bench, bar, or public. The court took jurisdiction over the children in 2013 and 2014 respectively when they were infants, based on findings, as pertinent to father, that his living arrangements were unsuitable for children and because DHS had made a "founded" assessment for sexual abuse in 2007 as to father. The children were placed in substitute care. Thereafter, father successfully completed psychological evaluations, sex offender treatment, and parenting training, and had supervised visitation with the children. Based on treatment providers' recommendations, father's visitations were increased to include unsupervised visitation in his home. DHS workers were concerned, however, that father had difficulties disciplining the children, who were defiant toward him. DHS therefore terminated the home visitations, returned to a supervised visitation schedule, and sought to change the children's permanency plans from reunification with parent to guardianship. The juvenile court agreed, finding that father had not made sufficient progress toward reunification to enable the children to be returned to him within a reasonable period.

On appeal, father primarily challenges the juvenile court's conclusion that DHS made reasonable efforts to reunify the family, arguing that DHS failed to provide father with services designed to ameliorate the asserted problem with disciplining the children. That argument was preserved in the juvenile court. Father also makes an argument that was not made to the juvenile court—that the asserted deficit in his parenting skills related to disciplining the children was not the basis for the court's jurisdiction and therefore could not serve as the basis for changing the

children's permanency plans away from reunification. DHS concedes on appeal that the juvenile court erred in the latter regard, because father's asserted lack of skills in disciplining the children was unrelated to the bases for jurisdiction.

Generally, we would address a party's preserved arguments before considering unpreserved arguments. That, however, would not prove fruitful in this case, as the preserved argument would need to be assessed based on whether DHS made reasonable efforts to reunify the children with father, with the focus of DHS's efforts "on ameliorating the adjudicated bases for jurisdiction." *Dept. of Human Services v. D. M. R.*, 301 Or App 436, 444, 455 P3d 599 (2019); *see also Dept. of Human Services v. L. A. K.*, 306 Or App 706, 717, 474 P3d 925 (2020) ("In addition to delineating the authority of the court, the pleaded and proven jurisdictional basis sets the expectation of services provided by DHS."); *Dept. of Human Services v. N. T.*, 247 Or App 706, 715, 271 P3d 143 (2012) (in assessing whether permanency plan should be changed from reunification, "both DHS's efforts and a parent's progress are evaluated by reference to the facts that formed the bases for juvenile court jurisdiction"). Given the conceded lack of connection between the bases for jurisdiction here and the basis for changing the children's permanency plans from reunification with father, and the gravity of the error and effect on our review function, we agree with the parties that these judgments must be reversed and exercise our discretion to do so.

Reversed and remanded.