***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted November 22, affirmed December 29, 2022

In the Matter of N. E. L. N.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. N.,
*Appellant.*

Deschutes County Circuit Court
21JU00543; A179023

Alycia M. Herriott, Judge.

Aron Perez-Selsky filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Mother appeals from a judgment of the juvenile court changing the permanency plan for her child, N, from reunification to adoption.[1] Her only challenge is to the juvenile court's determination that she had not made sufficient progress to enable reunification to occur within a reasonable amount of time. We affirm.

Because mother does not request *de novo* review, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the juvenile court's change to the permanency plan." *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 297, 388 P3d 1204 (2017) (internal quotation marks omitted). The only question before us is whether mother "made sufficient progress to make it possible for the ward to safely return home." ORS 419B.476(2)(a). "[A] parent's progress [is] evaluated by reference to the facts that formed the bases for juvenile court jurisdiction." *Dept. of Human Services v. C. W.*, 312 Or App 572, 580, 493 P3d 74 (2021). Here, the juvenile court found N to be within its jurisdiction based on mother's admission that her "substance abuse impairs her ability to safely parent the child."

We conclude that the evidence supports the juvenile court's conclusion that mother had made insufficient progress towards addressing her substance abuse issues in order to have N returned within a reasonable time. By the date of the permanency hearing, mother had been in residential treatment for two days. *See Dept. of Human Services v. N. S.*, 246 Or App 341, 351, 265 P3d 792 (2011), *rev den*, 351 Or 586 (2012) ("[A] parent's [m]ere participation in services *** is not sufficient to establish adequate progress toward reunification." (Internal quotation marks omitted; second bracket and ellipses in *N. S.*)). Evidence in the record indicated that mother had used drugs within weeks of the permanency hearing. *Cf. Dept. of Human Services v. G. E.*, 246 Or App 136, 139, 265 P3d 53 (2011) (mother having failed to

---

[1] Father is not a party to this appeal.

follow treatment recommendation did not provide basis for continuing jurisdiction where uncontradicted testimony was that mother did not currently suffer from substance abuse problem). Additionally, mother had not attended any visits with N for months and was unaware of N's current medical needs. *Cf. C. W.*, 312 Or App at 582-83 (where evidence indicated no safety concerns and that mother was able to provide child with support and care and recognize their needs, mother's earlier relapse and failure to engage in treatment did not establish that she had made insufficient progress).

Although it is commendable that mother has begun treatment, the recency of these efforts after months of daily substance use supports the juvenile court's conclusion that mother had made insufficient progress to have N returned to her within a reasonable time. *See Dept. of Human Services v. L. A. S.*, 259 Or App 125, 130-31, 312 P3d 613 (2013) (mother's history of substance abuse combined with belated and incomplete progress through treatment supported juvenile court's conclusion that it was not reasonable to wait to change the permanency plan).

Affirmed.