No. 255 April 17, 2024 147

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C.T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M.,
*Appellant.*

Douglas County Circuit Court
20JU03047; A181128

Ann Marie Simmons, Judge. (Judgment March 21, 2023)

Kathleen E. Johnson, Judge. (Judgment March 27, 2023)

Argued and submitted October 6, 2023.

Kyle Sessions, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this juvenile dependency case, mother appeals a judgment that changed the permanency plan for her child, C, from reunification to guardianship. In her two assignments of error, she asserts that the juvenile court erred when it determined that she had not made sufficient progress to allow C to safely return home and changed the permanency plan. For the following reasons, we affirm.

In a combined argument, mother contends that the Department of Human Services (DHS) failed to establish that she had made insufficient progress toward ameliorating the following jurisdictional bases: (1) her "pattern of substance abuse interferes with her ability to safely parent [C]" and (2) that she "exposed [C] to domestic violence." As a result, she argues that the juvenile court erred when it changed C's permanency plan.

We conclude that mother's argument is unpreserved. In her closing argument, mother stated that the juvenile court was required to find that she had made insufficient progress before it could change C's plan and that DHS bore the burden of proof. Although mother represented that she needed about four months "to make the changes" and complete treatment, those statements did not alert the juvenile court that mother challenged the sufficiency of DHS's evidence concerning her progress at the time of the permanency hearing. *See Dept. of Human Services v. L. A. S.*, 259 Or App 125, 128-29, 312 P3d 613 (2013) (concluding that the parent had not preserved her argument when she "asked for a '90-day extension' to show that she could continue to make progress" and "did not assert that she was ready for the children to return to her care immediately"). If we determined the argument was unpreserved, mother asks for plain error review, which we do below.[1]

Plain error review is a two-step process. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). We first determine whether an error is plain. *State*

---

[1] We decline to address the ineffective assistance of counsel argument that mother raised for the first time in her reply brief. *See State v. Murga*, 291 Or App 462, 468, 422 P3d 417 (2018) ("We have long held that arguments raised for the first time in a reply brief normally will not be considered.").

*v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (explaining that a plain error is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences"). If the error is plain, we then determine whether to exercise our discretion to consider it. *Ailes*, 312 Or at 382.

We conclude that any error is not plain.[2] To change C's permanency plan from reunification to another permanent plan, the juvenile court was required to determine that mother's progress toward ameliorating the jurisdictional bases was insufficient by a preponderance of the evidence. *See Dept. of Human Services v. M. K.*, 285 Or App 448, 455, 396 P3d 294, *rev den*, 361 Or 885 (2017) (so explaining). Here, mother's testimony supports a reasonable inference that she had not made sufficient progress. *See Dept. of Human Services v. N. A. S.*, 332 Or App 89, 96, ___ P3d ___ (2024) ("A juvenile court may draw reasonable inferences from the evidence to support its determination."); *Dept. of Human Services v. S. N.*, 250 Or App 708, 718, 282 P3d 901, *rev den*, 352 Or 564 (2012) (explaining that "a parent's mere participation in services * * * is not sufficient to establish adequate progress toward reunification" (internal quotation marks omitted)).

Specifically, mother testified that she had completed only about half of her domestic violence treatment classes, that she had unsuccessfully engaged in substance abuse treatment twice, and that she was currently seeking inpatient treatment. Even though mother testified that she had not used substances in four months, she acknowledged that she did not provide any urinalysis tests during that time. In addition, a recent court report contained evidence that mother had yet to complete a treatment program, that her files with treatment providers were repeatedly closed for

---

[2] Although mother relies on *Dept. of Human Services v. H. M. I. F.*, 315 Or App 204, 496 P3d 1156 (2021), to establish that the juvenile court plainly erred, that case does not aid her argument. In that case, we concluded that the juvenile court plainly erred "[g]iven the conceded lack of connection between the bases for jurisdiction here and the basis for changing the children's permanency plans * * * and the gravity of the error and effect on our review function[.]" *Id.* at 207. Here, mother does not argue that the juvenile court's basis for changing C's permanency plan was unrelated to the adjudicated jurisdictional bases nor does she identify an error that affects our review.

non-engagement, and that she continued to exhibit the same behaviors that had led the court to take jurisdiction over C. The juvenile court could reasonably infer from those facts that mother's pattern of substance abuse was unchanged and continued to interfere with her ability to safely parent C.

We thus disagree with mother's argument that DHS plainly erred because it "failed to present evidence about mother's current circumstances" relative to the jurisdictional bases and because it "did not present evidence from which the court could permissibly conclude that her historical deficits continued." We note that mother argues that her failure to complete treatment, alone, is not sufficient evidence on the question of her progress. However, as we stated above, mother's failure to complete treatment was not the only evidence concerning her lack of progress. Moreover, the entire record allowed a reasonable inference that mother's pattern of substance abuse was unchanged. To the extent that mother argues that DHS was required to present more evidence than it did here, mother does not identify what that evidence would need to consist of. However, "we have never held that DHS must present direct evidence of contemporaneous substance abuse before the juvenile court can determine that the parent has made insufficient progress toward ameliorating the jurisdictional basis." *N. A. S.*, 332 Or App at 96. To the extent that mother asserts that DHS was required to present that type of evidence in this case, we reject that argument.

Because we conclude that the juvenile court did not plainly err when it determined that mother did not make sufficient progress to ameliorate the jurisdictional bases, it did not err when it changed C's permanency plan from reunification to guardianship.

Affirmed.