No. 124     February 19, 2026     345

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. S.,
*Appellant.*

Douglas County Circuit Court
24JU00304; A188535

Ann Marie Simmons, Judge.

Submitted January 22, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

Mother appeals the juvenile court's judgment changing the permanency plan for her child, N, from reunification to adoption.[1] Jurisdiction was based on (1) mother did not understand the basic needs of her child and lacked parenting skills necessary to safely parent the child; and (2) mother failed to, was unable to, unwilling to, or could not provide the care and treatment necessary to address her child's behavior. Mother raises three assignments of error. Mother argues that the Oregon Department of Human Services did not meet its burden in proving that mother had not progressed in ameliorating the bases for jurisdiction and as such the trial court erred when it changed the permanency plan. Mother also contends that the trial court improperly relied on facts extrinsic to the adjudicated bases for jurisdiction in reaching its conclusion. Finally, mother assigns error to the juvenile court's determination to change the permanency plan from reunification to adoption. Because we agree the juvenile court relied on facts extrinsic to the bases for jurisdiction, we reverse and remand.

## STANDARD OF REVIEW

When reviewing a permanency judgment, this court reviews findings of fact for any evidence and conclusions of law for legal error. *Dept. of Human Services v. T. F.*, 331 Or App 682, 684, 548 P3d 510 (2024). This court draws facts from the evidence that was before the juvenile court when it changed the permanency plan, and views that evidence in the light most favorable to the juvenile court's disposition to determine whether it supports the juvenile court's legal conclusions. *Id.* "[W]e review a legal conclusion that is heavily fact-dependent—such as a juvenile court's determination of 'sufficient progress'—to determine whether the evidence was sufficient to support it." *Dept. of Human Services v. Y. B.*, 372 Or 133, 136, 546 P3d 255 (2024). The question of whether a juvenile court erred by relying on facts extrinsic to a jurisdictional judgment is a legal question that this court reviews for legal error. *Dept. of Human Services v. T. L.*, 287 Or App 753, 755, 403 P3d 488 (2017).

---

[1] Mother gave birth to N in November 2023.

ANALYSIS

Mother raises three assignments of error: that the juvenile court erred in determining that mother's progress toward reunification with N was insufficient; that the juvenile court relied on facts extrinsic to the adjudicated bases for jurisdiction to change the permanency plan; and that the juvenile court erred in changing the permanency plan from reunification to adoption. Because our decision on mother's second assignment of error requires reversal, we do not reach mother's first assignment of error.

In her second assignment of error, mother claims the juvenile court improperly relied on facts extrinsic to the bases for jurisdiction to change the permanency plan. Mother correctly cites *Dept. of Human Services v. G. E.*, 243 Or App 471, 480, 260 P3d 516, *adh'd to as modified on recons*, 246 Or App 136 (2011) to argue that "the bases for dependency jurisdiction provide the parent with 'constitutionally adequate notice as to what, exactly he or she is supposed to be doing in order to terminate the authority of the state to act as the child's surrogate parent.'" In its oral ruling, the juvenile court stated, among other things, that "[m]other needed to get honest about her substance use and how, and why she was using substances and explore that"; that "[mother] needed to get honest about her mental health; and that the consequence of those and the court's other findings was that it determined "that mother ha[d] not ameliorated the conditions that brought [child] into care."

"The proven facts depart from the petition so as to substantially affect a parent's rights if a reasonable parent would not have had notice from the petition or the jurisdictional judgment as to what he or she must do in order to prevent the state from assuming or continuing jurisdiction over the child." *Dept. of Human Services v. N. M. S.*, 246 Or App 284, 296, 266 P3d 107 (2011) (quoting *G. E.*, 243 Or App at 481). "[O]ur case law does not categorically preclude the admission of evidence of facts not pleaded as a basis for asserting jurisdiction." *Dept. of Human Services v. M. T. J.*, 304 Or App 148, 157, 466 P3d 702 (2020). "Facts are not 'fairly implied' by a jurisdictional judgment, and thus are 'extrinsic' to the jurisdictional judgment, if a reasonable

parent would not have known from the jurisdictional judgment that he or she needed to address the condition or circumstance exemplified by those facts. *T. L.*, 287 Or App at 763.

Here, mother's mental health and substance abuse were facts extrinsic to the adjudicated bases for jurisdiction. The adjudicated bases for jurisdiction were that mother did not "understand the basic needs of her child and lack[ed] parenting skills necessary to safely parent the child" and that she was "unable to, [] unwilling to, and/or [could] not provide the care and treatment necessary to address the child's condition." A reasonable person would not have known from these bases that they would need to specifically address mental health and substance abuse. As such, mental health and substance abuse were not fairly implied in the jurisdictional judgment and were, therefore, extrinsic to the adjudicated bases for jurisdiction. The juvenile court erred in relying on facts related to those conditions in ruling that mother's progress was insufficient and changing N's permanency plan from reunification to adoption.

Reversed and remanded.