146 April 1, 2026 No. 240

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. N. B.,
*Appellant.*

Multnomah County Circuit Court
23JU05047;
Petition Number 114923;
A187323

Michael J. Riedel, Judge.

On respondent's petition for reconsideration filed January 21, 2026, and appellant's response filed February 10, 2026. Opinion filed January 7, 2026. 346 Or App 440, ___ P3d ___ (2026).

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Emily N. Snook, Assistant Attorney General, for petition.

Ginger Fitch and Youth, Rights & Justice, for response.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

PER CURIAM

Reconsideration allowed; opinion modified and adhered to as modified.

**PER CURIAM**

The Oregon Department of Human Services (ODHS) petitioned for reconsideration of our decision in *Dept. of Human Services v. M. N. B.*, 346 Or App 440, ___ P3d ___ (2026), in which we affirmed the juvenile court's judgment changing the permanency plan for mother's three-year-old child, K, from reunification to guardianship. We allow reconsideration, modify the opinion as stated herein, and adhere to our opinion as modified.

On page 451 of the opinion, we stated, "The proponent of the plan change bears the burden to show that reasonable efforts will not make it possible for the child to return home within a reasonable time." *Id.* at 451 (citing *Dept. of Human Services v. S. J. K.*, 296 Or App 416, 419, 439 P3d 578 (2019)). ODHS requests that we delete or modify that sentence, contending that it is an inaccurate statement of the law. Mother objects to ODHS's reconsideration request.

We conclude that the disputed sentence is, at the very least, an incomplete statement of the law and, as written, is at odds with the Supreme Court's decision in *Dept. of Human Services v. S. J. M.*, 364 Or 37, 56, 430 P3d 1021 (2018), which held that the party seeking a permanency plan other than adoption bears the burden to prove facts that would support such a determination. Moreover, the disputed sentence was unnecessary to our decision, as there is ample evidence in the record supporting the juvenile court's determination that further reunification efforts would not make it possible for K to return to mother's care within a reasonable time, regardless of the allocation of the burden of proof. *See Dept. of Human Services v. B. L. G.*, 301 Or App 314, 456 P3d 377 (2019) (concluding that it was unnecessary to reach the father's arguments regarding whether a "compelling reasons" determination is discretionary where the juvenile court determined there were no compelling reasons to forgo or delay plans of adoption and the record included sufficient evidence to support that determination). We therefore modify our opinion to delete the sentence on page 451 stating, "The proponent of the plan change bears the burden to show that reasonable efforts will not make it possible for

the child to return home within a reasonable time," and its accompanying citation.

The opinion is further modified to correct the citation for the statutory definition of "reasonable time" in the last sentence of the same paragraph on page 451 to ORS 419A.004(27).

Reconsideration allowed; opinion modified and adhered to as modified.