LAGESEN, P. J.
*637 Mother and her three children, who are wards of the juvenile court and are currently in substitute care, appeal permanency judgments changing each child's permanency plan from reunification to adoption. See ORS 419B.476 (regarding permanency plans for wards of the court in substitute care). Among other things, they assign error to the juvenile court's finding that there were not any compelling reasons not to proceed with terminating mother's parental rights, as the court was required to find under ORS 419B.476(5)(d)[1] and ORS 419B.498(2)[2] , as construed in Dept. of Human Services v. S. J. M , 283 Or. App. 367, 392, 388 P.3d 417, rev. allowed , 361 Or. 350, 393 P.3d 1175 (2017). (Emphasis added.) In particular, they contend that the evidence presented at the permanency hearing was insufficient to permit an affirmative finding that there was not "[a]nother permanent plan * * * better suited to meet the health and safety needs of the child or ward, including the need to preserve the child's or ward's sibling attachments *638 and relationships[.]" ORS 419B.498(2)(b)(B). We agree that the *1156 evidence is legally insufficient to support that finding and, for that reason, reverse and remand.
Under our decision in S. J. M. , the party-in this case, the Department of Human Services (DHS)-that is proposing changing a permanency plan to adoption bears the burden of proving "that there were no compelling reasons to [forgo] the filing of a petition to terminate [the parents'] parental rights." Dept. of Human Services v. M. S. , 284 Or. App. 604, 609, 393 P.3d 270, rev. dismissed , 361 Or. 804, 401 P.3d 1181 (2017) (discussing S. J. M. ). One of the "compelling reasons" that the plan-change proponent must prove is not present is that there is a better plan for the child, given that child's needs. That is, before it can change a permanency plan to adoption, a juvenile court must be able to find affirmatively from the evidence presented that there is not "[a]nother permanent plan * * * better suited to meet the health and safety needs of the child or ward, including the need to preserve the child's or ward's sibling attachments and relationships[.]" ORS 419B.498(2)(b)(B). That necessarily means that the record must contain sufficient evidence to permit a rational inference that none of the other permanency plans contemplated by the permanency statutes would better meet the particular child's needs under the circumstances.
Here, the evidence presented below was sufficient to permit an affirmative finding that reunification was not a better plan for children than adoption. In particular, the evidence would permit a finding that children are suffering harm from their lengthy time in foster care, and that reunification could not likely be effectuated in any reasonable time. However, reunification is not the only statutorily contemplated permanency plan apart from adoption. Mother and children forcefully argued below-and repeat those arguments on appeal-that guardianship would be a preferable plan for children, given the uncontroverted evidence of the children's sibling bonds, bonds with mother, and bonds with their extended family, and given that DHS had not identified adoptive resources as of the time of the hearing. Yet DHS presented no evidence tending to prove that guardianship was not a better plan for children under those circumstances.
*639 On appeal, DHS points out that counsel for DHS told the court during argument that "[t]here's no guardian resource out there." Had DHS presented evidence to support that statement, we might well view this case differently. However, statements of counsel are not evidence, and the record contains no evidence that would permit a finding that there were, in fact, no potential guardians for children, or that would otherwise allow for a rational determination that guardianship is not a better plan for children than adoption.
In sum, the evidence is insufficient to support the juvenile court's finding that there were no compelling reasons not to file a petition to terminate mother's parental rights. As that finding is a necessary predicate to changing children's permanency plans to adoption, the trial court erred by changing children's plans to adoption. S. J. M. , 283 Or. App. at 394, 388 P.3d 417. We must therefore reverse and remand. Id.
Reversed and remanded.

ORS 419B.476(5)(d) provides that, "[i]f the court determines that the permanency plan for the ward should be adoption, the court's determination of whether one of the circumstances in ORS 419B.498(2) is applicable."

ORS 419B.498(2) provides:
"The department shall file a petition to terminate the parental rights of a parent in the circumstances described in subsection (1) of this section unless:
"(a) The child or ward is being cared for by a relative and that placement is intended to be permanent;
"(b) There is a compelling reason, which is documented in the case plan, for determining that filing such a petition would not be in the best interests of the child or ward. Such compelling reasons include, but are not limited to:
"(A) The parent is successfully participating in services that will make it possible for the child or ward to safely return home within a reasonable time as provided in ORS 419B.476(5)(c) ;
"(B) Another permanent plan is better suited to meet the health and safety needs of the child or ward, including the need to preserve the child's or ward's sibling attachments and relationships; or
"(C) The court or local citizen review board in a prior hearing or review determined that while the case plan was to reunify the family the department did not make reasonable efforts or, if the Indian Child Welfare Act applies, active efforts to make it possible for the child or ward to safely return home; or
"(c) The department has not provided to the family of the child or ward, consistent with the time period in the case plan, such services as the department deems necessary for the child or ward to safely return home, if reasonable efforts to make it possible for the child or ward to safely return home are required to be made with respect to the child or ward."