HADLOCK, P.J.
*178 In this juvenile dependency case, mother appeals a permanency judgment changing the permanency plan for her child, J, from reunification to adoption. See ORS 419B.476. Mother contends that the juvenile court erred in finding that there was no compelling reason not to proceed with terminating mother's parental rights. See ORS 419B.476(5)(d) ; ORS 419B.498(2)(b) ;[1]
*233 Dept. of Human Services v. S. J. M. , 283 Or. App. 367, 392, 388 P.3d 417, rev. allowed , 361 Or. 350, 393 P.3d 1175 (2017) ; see also Dept. of Human Services v. M. S. , 284 Or. App. 604, 609, 393 P.3d 270, rev. dismissed , 361 Or. 804, 401 P.3d 1181 (2017) (explaining that, under S. J. M. , the proponent of a change in plan from reunification to adoption bears the burden of proving "that there were no compelling reasons to forgo the filing of a petition to terminate mother's parental rights"). Mother asserts, among other things, that the Department of Human Services (DHS) failed to present sufficient evidence at the permanency hearing to support a finding that there was not "another permanent plan"-in this case, guardianship-"better suited to meet the health and safety needs of the child or ward, including the need to preserve *179 the child's or ward's sibling attachments and relationships." ORS 419B.498(2)(b)(B).
As we explained in Dept. of Human Services v. J. M. T. M. , 290 Or. App. 635, 638, 415 P.3d 1154 (2018), "before it can change a permanency plan to adoption, a juvenile court must be able to find affirmatively from the evidence that there is not " another permanent plan better suited to meet the child's health and safety needs. (Emphasis in original.) "That necessarily means that the record must contain sufficient evidence to permit a rational inference that none of the other permanency plans contemplated by the permanency statutes would better meet the child's needs under the circumstances." Id. (emphasis added). In this case, DHS presented no evidence suggesting that, under the circumstances, guardianship was not a better plan for J than adoption. Thus, the evidence was insufficient to support the juvenile court's finding that there were no compelling reasons not to file a petition to terminate mother's parental rights, and the trial court erred in changing the permanency plan from reunification to adoption. See J. M. T. M. , 290 Or. App. at 639, 415 P.3d 1154.
Reversed and remanded.

Under ORS 419B.476(5)(d), "[i]f the court determines that the permanency plan for the ward should be adoption," the court's order must include "the court's determination of whether one of the circumstances in ORS 419B.498(2) is applicable."
ORS 419B.498(2), in turn, provides, as relevant:
"The department shall file a petition to terminate the parental rights of a parent in the circumstances described in subsection (1) of this section unless:
"* * * * *
"(b) There is a compelling reason, which is documented in the case plan, for determining that filing such a petition would not be in the best interests of the child or ward. Such compelling reasons include, but are not limited to:
"(A) The parent is successfully participating in services that will make it possible for the child or ward to safely return home within a reasonable time as provided is ORS 419B.476(5)(c) ;
"(B) Another permanent plan is better suited to meet the health and safety needs of the child or ward, including the need to preserve the child's or ward's sibling attachments or relationships; or
"(C) The court or local citizen review board in a prior hearing or review determined that while the case plan was to reunify the family the department did not make reasonable efforts or, if the Indian Child Welfare Act applies, active efforts to make it possible for the child or ward to return safely home[.]"