HADLOCK, P. J.
*394 Mother appeals permanency judgments in which the juvenile court changed the permanency plans for her two children, A and N, from reunification to adoption. In her first four assignments of error, mother raises unpreserved arguments that relate to the juvenile court's decision to take judicial notice of certain documents. We reject those assignments of error without further discussion. In her fifth through eighth assignments of error, mother challenges the merits of the juvenile court's decision to change the permanency plans to adoption, arguing that the court erred in ruling that no "compelling reason" existed to forgo implementing that plan. After mother filed her opening brief, the Supreme Court issued its decision in Dept. of Human Services v. S. J. M. , 364 Or. 37, 56, 430 P.3d 1021 (2018), in which it held that a party opposing a change of permanency plan to adoption (here, mother) has the burden of proving the presence of a compelling reason to forgo that plan change. In a reply brief, mother argues that we should remand this case to the juvenile court in light of S. J. M. to give her an opportunity to meet that burden. For the reasons set out below, we reject mother's arguments and, therefore, affirm.
*479 As we explain today in Dept. of Human Services v. S. J. K. , 296 Or. App. 416, 439 P.3d 578 (2019), the Supreme Court held in S. J. M. that the proponent of changing a permanency plan to adoption "need prove only that [the Department of Human Services (DHS) ] made reasonable efforts to reunify the family, but that the parents had made insufficient progress to permit reunification." S. J. K. , 296 Or. App. at 418-19, 439 P.3d 578 ; see ORS 419B.476(2)(a) (at a permanency hearing, the juvenile court shall determine whether DHS has made "reasonable efforts *** to make it possible for the ward to safely return home and whether the parent has made sufficient progress to make it possible for the ward to safely return home"). If those matters are proved, then, to avoid the change of plan, "the opposing party bears the burden of proving the presence of a compelling reason under ORS 419B.498(2) to forgo a plan change." S. J. K. , 296 Or. App. at 418-19, 439 P.3d 578 (emphasis added). That latter aspect of the *395 Supreme Court's decision in S. J. M. marked a change in the law that we had previously applied; prior to S. J. M. , we had repeatedly held that the proponent of the plan change had the burden to prove the absence of a compelling reason to forgo that change. S. J. K. , 296 Or. App. at 418, 439 P.3d 578 ; see S. J. M. , 364 Or. at 50 & n. 5, 430 P.3d 1021 (discussing this court's cases).
The permanency hearing in this case occurred at a time when we had held that DHS had the burden to prove the absence of a "compelling reason." As noted, mother argued in her fifth through eighth assignments of error on appeal-before the Supreme Court issued its decision in S. J. M. -that DHS had not met that burden and, for that reason, the juvenile court erred in changing the permanency plans to adoption. She based that argument on a contention that DHS did not prove that she was not successfully participating in services that would make it possible for the children to return home in a reasonable time. As mother implicitly recognizes in her reply brief, that argument is no longer viable in light of S. J. M. However, she asks, like the appellant did in S. J. K. , that we remand this case to the juvenile court to give her an opportunity to meet the newly announced burden of proof.
As stated in S. J. K. , we recognize that there may be instances in which a "significant change in the law may *** counsel in favor of a remand in order to ensure that a party has a fair opportunity to litigate a case under the correct legal standards." 296 Or. App. at 420, 439 P.3d 578. However, this case does not present such an instance. Our review of the record reveals little reason to believe that mother could persuade a juvenile court that she is successfully participating in services that will make it possible for the children to safely return home within a reasonable time. Nor does it suggest that mother could establish that some other compelling reason exists to forgo changing the permanency plan to adoption. More to the point, if mother now believes that she can come forward with evidence that would satisfy her burden to prove such a "compelling reason," she may seek an opportunity to make her case by invoking ORS 419B.470(6), which gives her the right to a new permanency hearing on request unless "good cause otherwise is shown." Accordingly, *396 we decline to exercise our discretion to remand. See S. J. K. , 296 Or. App. at 420, --- P.3d ---- (same).
Affirmed.