LAGESEN, P. J.
*418 This is an appeal from a permanency judgment that changed the permanency plan for appellant father's child, S, from reunification to adoption. The law has not remained static during the pendency of this appeal. As a result, the ultimate issue before us is whether, in view of the Supreme Court's recent decision in Dept. of Human Services v. S. J. M. , 364 Or. 37, 430 P.3d 1021 (2018) ( S. J. M. II ), we should remand the case to the juvenile court to provide father an opportunity to contest the plan change under the legal standard articulated in S. J. M. II . For the reasons that follow, we decline to remand and, therefore, affirm.
As noted, the juvenile court changed S's permanency plan from reunification to adoption. It did so over father's general objection that adoption was not the plan that was in S's best interests. Father did not introduce any evidence on the point, opting instead simply to argue that the change was not in S's interests.
In his opening brief to us, father assigned error to the juvenile court's decision to change the plan, contending that the evidence presented by the Department of Human Services (DHS) was legally insufficient to support an affirmative finding that there was no compelling reason under ORS 419B.498(2) to forgo a change of plan to adoption. In support of that argument, father relied on our decision in Dept. of Human Services v. S. J. M. , 283 Or. App. 367, 388 P.3d 417 (2017) ( S. J. M. I ). There, we had held that the proponent of a change in permanency plan to adoption bears the burden of proving the absence of a compelling reason under ORS 419B.498(2) to forgo a change of plan to adoption and, further, that without legally sufficient evidence to support an affirmative determination that no such compelling reasons exist, a permanency plan may not be changed to adoption.
After father filed his opening brief, the Supreme Court decided S. J. M. II , reversing our decision in S. J. M. I , 364 Or. at 40, 430 P.3d 1021. Rejecting our conclusion to the contrary, the court held that the proponent of a plan change to adoption does not bear the burden of proving the absence of a *419 compelling reason under ORS 419B.498(2) in order to establish that a permanency plan should be changed to adoption. S. J. M. II , 364 Or. at 55-56, 430 P.3d 1021. Instead, the court explained, the proponent of the plan change need prove only that DHS made reasonable efforts to reunify the family and that the parents had made insufficient progress to permit reunification. Id . at 57, 430 P.3d 1021. To avoid a plan change under those circumstances, *580 the opposing party bears the burden of proving the presence of a compelling reason under ORS 419B.498(2) to forgo a plan change. Id . at 56, 430 P.3d 1021.
The Supreme Court's conclusion in S.J.M. II regarding the allocation of the burden of proof in a permanency hearing means, necessarily, that, in the absence of evidence that would necessarily compel the determination that there was a compelling reason to forgo a plan change, a decision to change a permanency plan to adoption is supported by legally sufficient evidence when the evidence permits a determination that DHS made reasonable efforts to reunify the family, and that the parent (or parents, as the case may be) has not made sufficient progress to allow reunification. As father recognizes in a reply brief that he filed after the decision in S. J. M. II , that is the state of the record here. We therefore must reject father's contention that the juvenile court's plan change is not supported by legally sufficient evidence.
Although father recognizes that S. J. M . II is dispositive of his sufficiency-of-the-evidence challenge, he requests that we remand to the juvenile court to permit him to litigate the question of whether there is a compelling reason to forgo a change in plan to adoption in view of the allocation of the burden of proof announced in S. J. M. II . Father notes that, in the period of time between our decision in S. J. M. I and the Supreme Court's decision in S. J. M. II , our court routinely adhered to our holding in S. J. M. I regarding the allocation of the burden of proof. He asserts that he reasonably relied on our cases in deciding how to contest DHS's proposed plan change and that the fair thing to do under the circumstances, given the gravity of the interests at stake, is for us to remand to the juvenile court to permit him to frame his case under S. J. M. II .
*420 We acknowledge that our articulation of the allocation of the burden of proof in S. J. M. I and subsequent cases certainly had the potential to affect father's litigation choices. We also recognize that we would have the inherent discretion to grant father's request for a remand and, further, that a significant change in the law may, at times, counsel in favor of a remand in order to ensure that a party has a fair opportunity to litigate a case under the correct legal standards. See, e.g. , State v. Mills , 354 Or. 350, 373, 312 P.3d 515 (2013) (principles of fairness required remand to permit the defendant to challenge venue under new legal standards announced by Supreme Court). However, for two reasons, we are not persuaded that we should exercise that discretion under the circumstances of this case. First, although it is possible that father relied on S. J. M. I in deciding not to present evidence about whether there was a compelling reason to forgo a plan change, the record created in the juvenile court gives us very little reason to think that that was, in fact, the case. Second, perhaps more importantly, as DHS pointed out at oral argument, the juvenile code itself gives father the right to a new permanency hearing on request, even absent a remand from us, unless there is "good cause" not to hold a hearing:
"Unless good cause otherwise is shown, the court shall also conduct a permanency hearing at any time upon the request of *** parents whose parental rights have not been terminated ***. The court shall schedule the hearing as soon as possible after receiving a request."
ORS 419B.470(6). Thus, to the extent that father elected not to make a case about the compelling reasons that might counsel against a plan of adoption because of our decision in S. J. M. I , and, in fact, has such a case to present, he may invoke ORS 419B.470(6) to do so.[1]
Affirmed.

DHS brought ORS 419B.470(6) to our attention at oral argument in this matter in arguing against a remand. In so doing, DHS did not suggest that it would be able to demonstrate good cause to not hold a permanency hearing, should father request one in order to make a case under the standards established in S. J. M. II .