PER CURIAM
*742 Father appeals a permanency judgment in which the juvenile court changed the permanency plan for father's child from reunification to adoption. In two assignments of error, father challenges the merits of the juvenile court's decision, arguing that the juvenile court erred in ruling that "no compelling reason" existed to forgo implementing that plan. Specifically, father argues that DHS failed to prove that guardianship was not better suited to meet the child's needs, which included a need to maintain sibling relationships between the child and her half-siblings. See ORS 419B.498(2)(b)(B) (a compelling reason includes that "[a]nother permanent plan is better suited to meet the health and safety needs of the child or ward, including the need to preserve the child's or ward's sibling attachments and relationships"). After father filed his opening brief, the Supreme Court issued its decision in Dept. of Human Services v. S. J. M. , 364 Or. 37, 430 P.3d 1021 (2018). In that case, the court concluded that the party opposing a change in permanency plan-here, father-has the burden to prove the presence of a compelling reason to forgo changing the plan. Id. at 53, 430 P.3d 1021. As explained in our recent decision, Dept. of Human Services v. S. J. K. , 296 Or. App. 416, 418-19, 439 P.3d 578 (2019), that part of the Supreme Court's decision in S. J. M. marked a change in the law. Previously, we had held that the proponent of the plan change-here, DHS-had to prove the absence of a compelling reason to forgo implementing that plan. Id.
Father has now filed a memorandum of additional authorities that implicitly recognizes that the argument he made in his opening brief is no longer viable. However, he requests that we remand the case to the juvenile court in light of the new law announced in S. J. M. so that he has an opportunity to meet the burden described in that case. DHS responds that a remand in this case is not warranted.
As we stated in S. J. K. , "a significant change in the law may, at times, counsel in favor of a remand in order to ensure that a party has a fair opportunity to litigate a case *576 under the correct legal standards." 296 Or. App. at 420, 439 P.3d 578. This, however, is not such a case. Our review of the record *743 reveals that it is unlikely that father could satisfy his burden to show that guardianship, rather than adoption, would be better suited to meet his child's needs, given the evidence that the parties have already presented on that issue below. Additionally, as discussed in S. J. K. , if father now believes that he can come forward with evidence to meet his burden to prove a "compelling reason" to forgo the filing by DHS of a termination petition, he can do that by requesting a hearing under ORS 419B.470(5), which requires the court to hold a new permanency hearing requested by father unless "good cause otherwise is shown." Accordingly, we decline to exercise our discretion to remand. See id. (declining to remand under the circumstances presented in that case); see also Dept. of Human Services v. G. P. B. , 296 Or. App. 391, 395-96, 438 P.3d 477 (2019) (same).
Affirmed.