POWERS, P. J.
*1032 *791 Mother and father appeal from permanency judgments in which the juvenile court changed the permanency plan for their child, A, from reunification to adoption. Mother and father assert that there was insufficient evidence to support a finding that no other permanent plan contemplated by the permanency statutes would have better met child's needs under the circumstances. As explained below, because the underlying premise of mother's and father's arguments has been foreclosed by the Oregon Supreme Court's recent decision in Dept. of Human Services v. S. J. M. , 364 Or. 37, 430 P.3d 1021 (2018), we affirm the judgments of the juvenile court.
At the time of the permanency hearing, A was five years old. She first came into contact with DHS in September 2016 because of concerns that mother and father were using controlled substances and the unsanitary condition of their house. In November 2016, the juvenile court asserted jurisdiction over A on the grounds that parents had not "met the basic medical, dental and physical needs of [their] child, and need[ ] the assistance" of DHS to safely parent. In May 2017, the juvenile court asserted jurisdiction on additional grounds that mother's untreated mental health issues in combination with her traumatic brain injury impaired her ability to safely parent and that father's mental health issues without treatment impaired his ability to safely parent. At the time of removal, A, who was about four years old, was obese, had considerable tooth erosion that required surgery for cavities in 11 out of 20 existing teeth, had a significant diaper rash consistent with a yeast infection, and lacked gross motor skills such as climbing and jumping.
As a result of the dependency cases, DHS referred mother and father to various resources, including parenting classes and training, mental health services, and neuropsychological evaluations, and provided for supervised visits with coaching, modeling, and support. Ultimately, however, DHS moved to change the plan from reunification to adoption based on its assertion that mother and father had not made sufficient progress.
At the time of the permanency hearing in this case, our cases held that DHS, who initiated the change of *792 plan, had the burden of proving that there were no compelling reasons to forgo the filing of a petition to terminate the parents' parental rights. See Dept. of Human Services v. J. M. T. M. , 290 Or. App. 635, 638, 415 P.3d 1154 (2018) ; Dept. of Human Services v. S. J. M. , 283 Or. App. 367, 393-94, 388 P.3d 417 (2017), rev'd , 364 Or. 37, 430 P.3d 1021 (2018) ; see also Dept. of Human Services v. M. S. , 284 Or. App. 604, 609, 393 P.3d 270, rev. dismissed , 361 Or. 804, 401 P.3d 1181 (2017). On appeal, mother and father both assert that the evidence in the record was insufficient for the juvenile court to conclude that none of the other permanency plans contemplated by the permanency statutes would better meet A's needs under the circumstances.
After briefing and argument in this case, the Oregon Supreme Court issued its decision in S. J. M. , which held that, under ORS 419B.476(5)(d),[1] the person or entity seeking to assert one of the exceptions in ORS 419B.498(2)[2] bears the burden of proving that *1033 an exception to the prompt *793 filing of a termination petition applies. 364 Or. at 53, 430 P.3d 1021. In this case, mother and father were the ones asserting that an exception to the prompt filing of a termination petition applies, relying primarily on perceived deficiencies in the evidence presented by DHS. Because the parents did not make a case sufficient to meet the burden of showing that an exception applies to the filing of a prompt petition for termination of their parental rights, we reject their arguments on appeal.
As noted earlier, the parties briefed and argued this case before the Supreme Court issued its decision in S. J. M. Subsequently, DHS asserted in a memorandum of additional authorities that "the Supreme Court's holding in S. J. M. is dispositive of parents' 'compelling interest' argument in this appeal or, at the very least, will substantially affect this court's review of the record." Sometime later, father filed his own memorandum of additional authorities, in which he also cited S. J. M. , and asserted that the proper remedy would be for us to remand the case to the juvenile court "so that father would have the opportunity to meet his burden of proof on the question of whether compelling reasons exist to forgo changing [A's] permanency plan from reunification to adoption".[3] DHS responds that a remand is neither necessary nor appropriate because father "had every incentive to [ensure] that the record was as favorable to his position as possible, regardless of who bore the ultimate burden of proof, and the record shows that father presented evidence of his present circumstances."
Recently in Dept. of Human Services v. S. J. K. , 296 Or. App. 416, 439 P.3d 578 (2019), and Dept. of Human Services v. G. P. B. , 296 Or. App. 391, 438 P.3d 477 (2019), we declined to exercise our discretion to remand those cases back to the underlying juvenile courts following the Supreme Court's decision in S. J. M . We explained that, although "a significant change in the law may, at times, counsel in favor of a remand in order to ensure that a party has a fair opportunity to litigate a case under the correct legal standards," those cases did not present such an instance.
*794 S. J. K. , 296 Or. App. at 420, 439 P.3d 578 ; see also G. P. B., 296 Or. App. at 395, 438 P.3d 477. This was true, especially in light of ORS 419B.470(6),[4] which grants specified parties, including parents, a right to a new permanency hearing upon request "unless good cause is otherwise shown." Given the availability of a hearing under *1034 ORS 419B.470(6), we decline to exercise our discretion to remand this case.
Finally, we have considered and reject without discussion the remaining challenges by mother and father to the juvenile court's decision. Accordingly, we conclude that the juvenile court did not err in changing the permanency plan for A from reunification to adoption under the circumstances.
Affirmed.

ORS 419B.476(5)(d) provides that, "[i]f the court determines that the permanency plan for the ward should be adoption, the court's determination of whether one of the circumstances in ORS 419B.498(2) is applicable."

ORS 419B.498(2) provides:
"The department shall file a petition to terminate the parental rights of a parent in the circumstances described in subsection (1) of this section unless:
"(a) The child or ward is being cared for by a relative and that placement is intended to be permanent;
"(b) There is a compelling reason, which is documented in the case plan, for determining that filing such a petition would not be in the best interests of the child or ward. Such compelling reasons include, but are not limited to:
"(A) The parent is successfully participating in services that will make it possible for the child or ward to safely return home within a reasonable time as provided in ORS 419B.476(5)(c) ;
"(B) Another permanent plan is better suited to meet the health and safety needs of the child or ward, including the need to preserve the child's or ward's sibling attachments and relationships; or
"(C) The court or local citizen review board in a prior hearing or review determined that while the case plan was to reunify the family the department did not make reasonable efforts or, if the Indian Child Welfare Act applies, active efforts to make it possible for the child or ward to safely return home; or
"(c) The department has not provided to the family of the child or ward, consistent with the time period in the case plan, such services as the department deems necessary for the child or ward to safely return home, if reasonable efforts to make it possible for the child or ward to safely return home are required to be made with respect to the child or ward."

Mother has not filed a response to DHS's initial memorandum or otherwise briefed the effect of S. J. M. on our analysis or disposition.

ORS 419B.470(6) provides:
"Unless good cause otherwise is shown, the court shall also conduct a permanency hearing at any time upon the request of the department, an agency directly responsible for care or placement of the child or ward, parents whose parental rights have not been terminated, an attorney for the child or ward, a court appointed special advocate, a citizen review board, a tribal court or upon its own motion. The court shall schedule the hearing as soon as possible after receiving a request."