240 March 26, 2025 No. 259

IN THE COURT OF APPEALS OF THE
STATE OF OREGON


In the Matter of M. L. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

M. L. F.,
*Respondent,*

*v.*

L. B.,
*Appellant.*

Umatilla County Circuit Court
22JU05309; A185358

Robert W. Collins, Jr., Judge.

Submitted February 3, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent Department of Human Services.

George W. Kelly filed the brief for respondent child.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Mother appeals from the permanency judgment changing the case plan for her child, M, from reunification to adoption.[1] In two assignments of error, mother contends that the juvenile court plainly erred in ruling that no compelling reason existed to forgo adoption for M and that the court therefore erred in changing the permanency plan to adoption. We conclude that the juvenile court did not plainly err by ruling that there were no compelling reasons to relieve the Department of Human Services (DHS) of its obligation to file a petition to terminate mother's parental rights, because mother did not present affirmative evidence that a guardianship was better suited to meet M's needs and does not explain on appeal why the evidence DHS presented compels such a conclusion. Accordingly, we affirm.

We state only those facts necessary to explain our disposition. M has been in foster care nearly his entire life. DHS moved the juvenile court to change M's plan from reunification to adoption, and the court held the permanency hearing when M was 21 months old. At the hearing, mother generally defended against DHS's motion, but she did not specifically argue that a compelling reason existed to forgo adoption. The court ruled that DHS's efforts qualified as reasonable, that parents' progress qualified as insufficient, and that it was in M's best interest to change the plan to adoption "to establish permanency *** and stability for him."

M's attorney then asked the court to make findings on the record why "the plan of adoption is more appropriate *** than a plan of guardianship[.]" The court responded that pursuing a guardianship for M "would be potentially very destructive to him" because he would not have the same legal status as his two older siblings; one had already been adopted by M's foster parents (mother's father and stepmother), and the other was in the process of adoption. The court further responded that, although "mother has a warm relationship with [M], when she does see him, *** the real bonding that would be necessary for that to establish

_____
[1] Father is not a party to this appeal.

has not occurred at this young age with [M] in a way that would make guardianship preferable over an adoption."

The juvenile court entered a judgment changing M's plan to adoption and ordering DHS to file and prosecute a petition to terminate mother's parental rights. Mother timely appeals that judgment.

On appeal, mother asserts that the juvenile court erroneously concluded that there was no compelling reason to forgo the plan of adoption because "the evidence established that another permanency plan was better suited to [M's] needs and so a compelling reason existed to forgo adoption for him." Mother acknowledges that she failed to preserve that claim of error but contends that the error is plain and that we should exercise our discretion to correct it and also should conclude that the court erred in changing the permanency plan to adoption.

DHS responds that we should reject mother's assignments of error for two reasons. First, DHS asserts that mother's unpreserved argument as to whether a compelling reason existed to forego an adoption is foreclosed by *Dept. of Human Services v. S. J. M.*, 364 Or 37, 430 P3d 1021 (2018), which held that the burden of establishing a compelling reason to forgo filing a petition to terminate parental rights rests on the party opposing the change of plan, in this case mother. In DHS's view, that mother's plain error argument "instead places the burden to DHS to have disproved that guardianship was a better permanency plan than adoption" is sufficient to reject it as contrary to *S. J. M.*

Alternatively, DHS argues that, because mother does not challenge the juvenile court's reasonable efforts or sufficient progress determinations, "the question narrows down to whether the evidence would compel a determination that there was a 'compelling reason' to forgo a plan change, *i.e.*, that a guardianship plan was better suited to meet [M's] needs." *See, Dept of Human Services v. S. J. K.*, 296 Or App 416, 419, 439 P3d 578 (2019) ("[I]n the absence of evidence that would necessarily compel the determination that there was a compelling reason to forgo a plan change, a decision to change a permanency plan to adoption is supported by

legally sufficient evidence when the evidence permits a determination that DHS made reasonable efforts to reunify the family, and that the parent *** has not made sufficient progress to allow reunification."). In DHS's view, "mother did not present any evidence as to why a guardianship would be better suited to [M's] needs than adoption" and "the record otherwise establishes that adoption was an appropriate plan for [M]."

Here, even assuming that we may review mother's assignment in a plain error posture, we agree that the record does not compel a determination that guardianship was better suited for M's needs under our standard of review. *See S. J. M.*, 364 Or at 56-57 ("Whether a 'compelling reason' exists is a legal question, but one dependent on factual findings," which we review for "whether there was evidence in the record to support the juvenile court's findings of fact upon which its conclusion *** that there was not a 'compelling reason' was based."); *Dept. of Human Services v. S. S.*, 283 Or App 136, 142, 388 P3d 1178 (2016) (Whether there is a "compelling reason" to delay moving toward adoption for a child is a "child-centered determination.").

Although mother now argues for the first time on appeal that the juvenile court's concern that it would be "potentially destructive" if M did not share the legal status of his older siblings was "entirely speculative," she did not present affirmative evidence that a guardianship was better suited to meet M's needs and does not explain on appeal why the evidence DHS presented compels such a conclusion. Further, mother does not challenge the juvenile court's determinations as to reasonable efforts or lack of sufficient progress, and the record supports those determinations. Accordingly, we affirm the juvenile court's judgment changing M's plan from reunification to adoption.

Affirmed.